# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA CASANOVA, | |
| Plaintiff, | 8:19CV199 |
| vs. | ORDER |
| STANLEY ACCESS TECHNOLOGIES LLC, | |
| Defendant. | |

This matter comes before the Court on the Motion to Compel, Show Cause, and Motion to Extend (Filing No. 79) filed by Plaintiff, Maria Casanova. Plaintiff requests that this court issue an "Order to Show Cause" upon Rogers Automated Entrances, a nonparty company that performed inspections and repair work on the subject door prior to the accident in this case.

Plaintiff sent the subpoena on July 18, 2021. (Filing No. 79 at p. 4). The subpoena is directed to the records custodian for "Rogers Automated Entrances" in Pleasant Hill, Iowa, and requests certain documents to be emailed or mailed to Plaintiff's counsel's office in Omaha, Nebraska. The subpoena specified the deadline for compliance as September 30, 2021. (Filing No. 79 at p. 4). On October 4, 2021, Plaintiff's counsel faxed Rogers Automated because he had received no response to the subpoena. After calling the telephone number for Rogers Automated, Plaintiff's counsel learned "Rogers was recently taken over by Record Automatic Doors," which is located in Monroe, North Carolina. Plaintiff asserts Record Automatic told him "they would get back to Plaintiff's counsel on that same day" about the subpoena but did not. Plaintiff filed the instant motion on October 12, 2021, requesting that this court issue an order to show cause against both Rogers Automated Entrances and Record Automatic Doors, to be served upon Rogers through Record "at their street address of 4324 Phil Hargett Court, Box 3099, Monroe, NC 28111." (Filing No. 79 at pp. 1-2).

The proper forum for a motion to compel compliance with a subpoena, or for a motion to quash a subpoena, is the district court where compliance with the subpoena is required. See Fed. R. Civ. P. 45(d)(2)(A)(i) & (d)(3). Rule 45(c) provides that the place of compliance for a subpoena served on a nonparty is "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c). "[T]he place of

compliance under Rule 45 'is tethered to the location of the subpoenaed [party].'" *Jeffcoat Enterprises, Inc. v. Charter Commc'ns, Inc.*, No. 4:20-MC-00112-AGF, 2020 WL 2104732, at *3 (E.D. Mo. May 1, 2020)(quoting *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014)).

Plaintiff's subpoena was directed to a nonparty—Rogers Automated Entrances—located in Pleasant Hill, Iowa, which is over 100 miles away from this court. According to Plaintiff, Rogers has been taken over by Record Automatic, which is located in Monroe, North Carolina, which is also over 100 miles away. At this time, the court has no evidence that either entity "regularly transacts business in person" within 100 miles of this court. Additionally, the subpoena states it was issued pursuant to Neb. Rev. Stat. § 25-1273 and Nebraska Discovery Rule 34A, rather than Federal Rule of Civil Procedure 45, and does not set out the text of Rule 45(d) and (e) as required by Rule 45(a)(1)(A). Therefore, this court finds no grounds upon which it can properly issue an "order to show cause" or compel either entity to comply with the issued subpoena. Accordingly,

**IT IS ORDERED**: Plaintiff's the Motion to Compel, Show Cause, and Motion to Extend (Filing No. 79) is denied.

Dated this 13th day of October, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge